[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COMPLAINT
INTRODUCTION
The revised complaint in this case alleges the following matters which are relevant to this motion:
 The plaintiff was injured while riding in a car ("plaintiffs car") owned by the plaintiff and driven by Edward J. Abbott, now deceased;
 Abbot's negligent operation of the plaintiffs car was the cause of a one-car accident (the "accident") which produced the plaintiff's injuries;
 The plaintiff's car was not insured at the time of the accident;
 The defendant is in the business of repairing automobiles in Connecticut;

CT Page 13144 Before the accident, the defendant had given permission to the plaintiff to use the defendant's dealer plates on the plaintiff's car, and they were so used at the time of the accident;
 Pursuant to § 14-60 (a) of the General Statutes.(the "statute") the defendant is liable to the plaintiff for the injuries sustained by him.
The statute states, in relevant part:
 If the person to whom the dealer or repairer loaned the motor vehicle or the number plate did not, at the time of such loan, have in force any such liability and property damage insurance, such person and such dealer or repairer shall be jointly liable for any damage to any person or property caused by the operation of the loaned motor vehicle or a motor vehicle on which the loaned number plate is displayed.
DISCUSSION
The motion to strike is based on the defendant's claim that the statute makes a dealer liable for damage caused by a car bearing loaned dealer's plates only to third parties, and not to the borrower of the plates. The statute makes the lending dealer "jointly" liable with the borrower of the plates. Since the borrower cannot be liable to himself or herself for damage caused by the car bearing the borrowed plates, the dealer cannot be jointly liable with the borrower to the borrower.
CONCLUSION
The motion to strike is granted.
G. Levine, J. CT Page 13144